**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| B.D. and D.D., parents of C.D., | No. 09-35846 |
| Plaintiffs - Appellants, | D.C. No. 3:09-cv-05020-RJB |
| v. | |
| PUYALLUP SCHOOL DISTRICT, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted October 25, 2011[**]

Before:     TROTT, GOULD and RAWLINSON, Circuit Judges.

The parents of minor student C.D. appeal pro se from the district court's

order affirming an administrative decision under the Individuals with Disabilities

Education Act ("IDEA").  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo the district court's decision that the school district complied with

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Appellants' request for oral
argument is denied.

the IDEA, *see N.B. v. Hellgate Elementary Sch. Dist.*, 541 F.3d 1202, 1207 (9th Cir. 2008), and review its factual determinations for clear error, *see J.L. v. Mercer Island Sch. Dist.*, 592 F.3d 938, 949 (9th Cir. 2010). We affirm.

Based on the evidence in the record, the district court properly concluded that the school district provided C.D. with a free appropriate public education under the IDEA. *See Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J,* 502 F.3d 811, 823-25 (9th Cir. 2007) (no violation of the IDEA where school district materially implemented the individualized educational program). The IDEA accords educators discretion to select from various methods for meeting the individualized needs of a student, provided those practices are reasonably calculated to provide him with educational benefit. *See, e.g., Adams v. Oregon*, 195 F.3d 1141, 1149–50 (9th Cir. 1999). 20 U.S.C. § 1414(d)(1)(B) provides a list of those individuals who must participate in designing an IEP; an expert on the child's specific disability is not required. *See R.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1122 (9th Cir. 2011).

The record fully supports the hearing officer's and district judge's conclusions and the parents' remaining contentions on appeal are unpersuasive.

Each side will bear its own costs and fees.

**AFFIRMED.**